UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

COREY J. CRIBBS, II et al.,

                 Plaintiff,                  Case No. 1:11-cv-713

v.                                          Honorable Janet T. Neff

JOEL CASE et al.,

                 Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner and his mother pursuant to 42 U.S.C. § 1983. The Court has granted both Plaintiffs leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiffs' complaint for failure to state a claim against Defendants Stephen Bush, Calhoun County Prosecutor Unknown Party #2 and Steven E. Parks. The Court will serve the complaint against Defendants Joel Case and the Battle Creek Police Department.

**Discussion**

I.      Factual allegations

Plaintiff Corey J. Cribbs, II, and his mother, Kameaka Tate, brought this civil rights action.  Plaintiff Cribbs presently is incarcerated at the Oaks Correctional Facility.[1]  Plaintiff Tate lives in Battle Creek, Michigan.  In their *pro se* complaint, Plaintiffs sue Officers Joel Case and Stephen Bush, the Battle Creek Police Department, the Chief of the Battle Creek Police Department Unknown Party #1, the Calhoun County Prosecutor Unknown Party #2 and Attorney Steven E. Parks.

The following are Plaintiffs' allegations (verbatim):

1.      Officer Joel Case did shoot and injure Plaintiff without justifiable probable cause violating the juveniles right to be free from excessive force.

2.      Officer Stephen Bush did file false police report and covered up facts relating to said shooting of Plaintiff Corey J. Cribbs II.

3.      Battle Creek Police Department did not properly train gang task force officers by federal fourth amendment standards, engaged in cover up of shooting incident.

4.      Calhoun County Prosecutor did maliciously prosecute juvenile denying Plaintiff due process rights subsequently recommend that Plaintiff by sent to prison after he turned 17 yrs of age.

5.      Attorney Parks represented juvenile knowing he was being charged and sentenced as an adult and was not qualified to represent the juvenile in circuit court proceedings.

6.      Complaint is solely base on Plaintiff's right to be of excessive force.

(Compl., docket #1, Page ID#4.)

---

[1] According to the Michigan Department of Corrections Offender Tracking Information System, Plaintiff Cribbs was convicted of two counts of assault with a dangerous weapon, MICH. COMP. LAWS § 750.82, and one count of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, on May 3, 2010.

For relief, Plaintiff Cribbs requests to be released from prison, monetary damages of five million dollars for pain and suffering and injunctive and declaratory relief. Plaintiff Tate requests monetary damages of two million dollars for pain and suffering.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

- 3 -

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.      **Conclusory Allegations**

Plaintiffs fail to state a claim against Defendant Chief of the Battle Creek Police Department Unknown Party #1 because the complaint does not allege any conduct on his or her part, much less unconstitutional conduct.   It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is

- 4 -

totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiffs' claims fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), their complaint must be dismissed against Defendant Chief of the Battle Creek Police Department Unknown Party #1.

B.      **Heck Bar**

In his claim for relief, Plaintiff Cribbs requests to be released from prison. Plaintiffs allege that Officer Bush filed a false police report against Plaintiff Cribbs, Calhoun County Prosecutor Unknown Party #1 maliciously prosecuted Plaintiff Cribbs and Attorney Parks was not qualified to represent Plaintiff Cribbs in Cribbs' trial court proceedings. Plaintiffs are essentially challenging Cribbs' incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiffs' complaint challenges the fact or duration of Cribbs's incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3)

- 5 -

and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

        To the extent Plaintiffs seeks injunctive, declaratory and monetary relief for alleged violations of Cribbs's constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original).  In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.* at 486-87 (footnote omitted).  The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief.  *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).  Plaintiffs' allegations clearly call into question the validity of Cribbs' conviction.  Therefore, Plaintiffs' action against Officer Bush, Calhoun County Prosecutor Unknown Party #1 and Attorney Parks is barred under *Heck* until Cribbs' criminal conviction has been invalidated.

Moreover, Plaintiff cannot show that his court-appointed attorney acted under color of state law.  In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State.  The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness.  But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client."  This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted).  The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender.  *Id.* at 321.  The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program.  *Id.* at 323.  The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused.  *Id.* at 325.  Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control.  *Id.*  The Sixth Circuit has adhered to the holding in *Polk County* in numerous unpublished decisions.  *See, e.g.*, *Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. Mar. 14, 2000); *Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000); *Watson v. Carreer*, No. 99-5319, 1999 WL1282433, at *1 (6th Cir. Dec. 27, 1999); *Pagani-Gallego v.Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998); *Carson v. Giovanni*, No. 88-1412, 1988 WL 107376, at *1 (6th Cir. Oct. 14, 1988).  Accordingly, Plaintiff's court-appointed attorney does not act under color of state law, and no claim under § 1983 can be maintained against him.

To the extent that Plaintiff asserts claims of fraud and legal malpractice, these claims arise solely under state law.  Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).   The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998).  Accordingly, these claims will be dismissed without prejudice.

C.     **Service**

At this stage of the proceedings, the Court finds that Plaintiffs' allegations are sufficient to state a Fourth Amendment excessive force claim against Defendants Joel Case and the Battle Creek Police Department.  Accordingly, the Court will order service of the complaint against them.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Stephen Bush, Chief of Battle Creek Police Department Unknown Party #1, Calhoun County Prosecutor Unknown Party #2 and Steven E. Parks will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court will serve the complaint against Defendants Joel Case and the Battle Creek Police Department.

An Order consistent with this Opinion will be entered.


Dated:   December 6, 2011                               /s/ Janet T. Neff                                   
                                                        Janet T. Neff
                                                        United States District Judge