UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY CRIBBS II, et al.,

        Plaintiffs,                        Hon. Janet T. Neff

v.                                    Case No. 1:11 CV 713

JOEL CASE, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant City of Battle Creek Police Department's Motion to Dismiss, (dkt. #13), and Defendant Case's Motion to Dismiss, (dkt. #16).  Pursuant to 28 U.S.C.  § 636(b)(1)(B), the undersigned recommends that Defendant City of Battle Creek Police Department's Motion to Dismiss, (dkt. #13), be **granted**; and Defendant Case's Motion to Dismiss, (dkt. #16), be **granted in part and denied in part** as detailed herein.

## BACKGROUND

On November 3, 2008, Plaintiff Corey Cribbs II was charged with the following criminal offenses all of which occurred on July 3, 2008: (1) two counts of assault with a dangerous weapon; (2) carrying a weapon with unlawful intent; and (3) two counts of possessing a firearm during the commission of a felony.  (Dkt. #17, Exhibit B).  These charges arose after Cribbs assaulted Stephen Bush and Battle Creek Police Officer Joel Case with a rifle.  *Id.*  Cribbs pleaded no contest to the two assault charges and one count of possessing a firearm during the commission of a felony.  (Dkt. #17,

Exhibit C).  The other two charges were dismissed.  *Id.*  Cribbs was initially sentenced to a term of probation, but following a violation of the terms of his probation was sentenced to serve 1-4 years in prison.  (Dkt. #17, Exhibits A, E).

Cribbs unsuccessfully appealed his convictions in the Michigan Court of Appeals.  *See Cribbs v. Prelesnik*, 2011 WL 4026888 at *1 (W.D. Mich., Sept. 9, 2011).  Cribbs did not seek leave to appeal this determination in the Michigan Supreme Court.  *Id.*  Cribbs subsequently sought post-conviction relief in the trial court which was denied on July 1, 2011.  (Dkt. #17, Exhibit D).  Plaintiffs Corey Cribbs II and, his mother, Kameaka Tate initiated the present action on July 12, 2011.  One month later, Cribbs filed in this Court a petition for writ of habeas corpus which was dismissed without prejudice on September 9, 2011, for failure to exhaust available state court remedies.  *See Cribbs* 2011 WL 4026888 at *1.

The present action is asserted by Cribbs and Tate against Officer Joel Case, Officer Stephen Bash, Attorney Steven Parks, the City of Battle Creek Police Department, and two unknown parties.  In their unverified complaint, Plaintiffs allege that Defendant Case shot and injured Cribbs in violation of his constitutional right to be free from the use of excessive force.  Plaintiffs allege that the City of Battle Creek Police Department "did not properly train gang task force officers."  Plaintiffs further allege that: (1) Defendant Bush falsified police reports regarding this incident; (2) the Calhoun County Prosecuting Attorney maliciously prosecuted Cribbs; and (3) Attorney Parks "was not qualified to represent" Cribbs.  Plaintiff Cribbs seeks release from prison and five million dollars ($5,000,000.00) in damages.  Plaintiff Tate seeks two million dollars ($2,000,000.00) in damages.

On December 6, 2011, the Honorable Janet T. Neff concluded that "Plaintiffs' allegations are sufficient to state a Fourth Amendment excessive force claim" against Defendants Joel Case and the

Battle Creek Police Department.  (Dkt. #9).  The remaining claims in Plaintiffs' complaint were dismissed for failure to state a claim upon relief may be granted.  Defendants Case and Battle Creek Police Department now move to dismiss Plaintiffs' claims for failure to state a claim on which relief may be granted.  Because Plaintiffs failed to timely respond to the present motions, the Court, on April 5, 2012, entered an Order directing Plaintiffs to show cause why Defendants' motions should not be granted.  (Dkt. #23).  Plaintiffs timely responded to the Court's Order.  (Dkt. #24).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief.  *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court has held, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

I.         **Plaintiff Kameaka Tate**

Plaintiffs' complaint contains no allegations that any Defendants engaged in any wrongful conduct against Plaintiff Kameaka Tate.  Instead, it appears that the basis for Plaintiff Tate's participation in this case is that she is Plaintiff Cribbs' mother.  In the complaint, Plaintiff Cribbs is identified as a "minor child" and Plaintiff Tate is identified as his "mother."  The Court interprets this as an attempt by Plaintiff Tate to bring the present action on behalf of her minor child.  As Defendants point out, however, Plaintiff Cribbs is not a minor and was not a minor when this action was initiated.

Pursuant to the information maintained by the Michigan Department of Corrections, Plaintiff Cribbs was born on July 25, 1992.  *See* Corrections, Biographical Information, available at http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=715114 (last visited on March 28, 2012).  Thus, Plaintiff Cribbs was 18 years of age when the present action was initiated.  There is neither allegation nor evidence that Plaintiff Cribbs is incompetent or otherwise unable to pursue his own legal claims.  Thus, Plaintiff Tate lacks standing to pursue Plaintiff Cribbs' claims.  *See, e.g., Runge v. Barton*, 2009 WL 3245471 at *6 (D.S.C., Oct. 2, 2009) ("parents do not have standing to bring suit on behalf of adult child absent a showing that the child is incompetent"); *Al-Aulaqi v. Obama*, 727 F.Supp.2d 1, 22 (D.D.C. 2010) (same).

In sum, because Plaintiffs' complaint contains no allegations of wrongful conduct against Plaintiff Tate and because Tate lacks standing to pursue her adult son's claims, the undersigned recommends that Plaintiff Tate's claims be dismissed for failure to state a claim on which relief may be granted.

## II.        Plaintiff Cribbs

As previously noted, Cribbs still has before the Court claims against Defendants Joel Case and the City of Battle Creek Police Department.  For the reasons discussed below, the undersigned recommends that Cribbs' claims against the Battle Creek Police Department be dismissed, but that Cribbs' claim against Defendant Case go forward.


### A.        Defendant City of Battle Creek Police Department

In his complaint, Cribbs alleges that the Battle Creek Police Department "did not properly train gang task force officers."   Defendant asserts two arguments in favor of its claim of relief. Defendant first asserts that the claims against the police department must be dismissed because the Police Department is not the real party in interest.  It is well recognized that "a suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest."  *Glenn v. Walker*, 65 Fed. Appx. 53, 54 (6th Cir., May 9, 2003).   Thus, the City of Battle Creek Police Department is entitled to dismissal of Plaintiff's claims.   Moreover, even of the Court interprets Plaintiff's complaint as asserting a claim against the City of Battle Creek rather than the City of Battle Creek Police Department, the result is the same.

The claim in question is based on an alleged failure to train certain police officers.  The law regarding municipal liability is clear.  While a municipality "may be liable under 42 U.S.C. § 1983 for a constitutional violation directly attributable to it, § 1983 does not impose vicarious liability on a municipality for the constitutional torts of its employees."  *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978)); *see also*, *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694)

(it is well established that a municipal entity cannot be held liable under § 1983 for an injury inflicted solely by its agents or employees).

If, however, "the municipality *itself* causes the constitutional violation at issue," liability under § 1983 is appropriate. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Allegations that a municipal entity has failed to properly train its agents or employees may serve as the basis for § 1983 liability only where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388. Deliberate indifference is not established simply by demonstrating that the official at issue received inadequate training, as the officer's shortcomings "may have resulted from factors other than a faulty training program." *Id.* at 390-91.

Rather, Plaintiff must establish the following elements: (1) the official's training was inadequate to prepare him for the tasks that officials in his position must perform; (2) the inadequacy persisted due to the municipality's deliberate indifference; and (3) the inadequacy is closely related to or actually caused his injury. *See Harvey v. Campbell County, Tenn.*, 2011 WL 1789955 at *5 (6th Cir., May 10, 2011) (citing *Plinton v. County of Summit*, 540 F.3d 459, 464 (6th Cir. 2008)). Moreover, a plaintiff "cannot ordinarily show that a municipality acted with deliberate indifference without showing that the municipality was aware of prior unconstitutional actions of its employees and failed to respond." *Stemler*, 126 F.3d at 865-66 (citing *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397 (1997)); *City of Canton*, 489 U.S. at 388.

Plaintiff has failed to allege any facts in support of this particular claim, but instead simply asserts the conclusion that the officers in question were not properly trained. As discussed herein, such is insufficient. Accordingly, the undersigned recommends that Plaintiff's claims against

the City of Battle Creek Police Department be dismissed for failure to state a claim on which relief may be granted.

        B.     Defendant Joel Case

Cribbs' claim against Defendant Case is based on his allegation that Case shot and injured him without probable cause.  Defendant Case asserts three arguments in support of his request for relief, none of which are persuasive.

        1.     Failure to State a Claim

With respect to Cribbs' claim against Officer Case, the complaint asserts only the following: "Officer Joel Case did shoot and injure Plaintiff without justifiable probable cause violating [Plaintiff's] right to be free from excessive force."  Defendant Case asserts that he is entitled to relief because Cribbs' allegations fail to state a claim on which relief may be granted.

While Plaintiff's allegation against Defendant Case is exceedingly brief, such contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  The Court notes that the Honorable Janet T. Neff has previously reached this very same conclusion.  The Court also disagrees with Defendant's argument that Plaintiff's allegations fail to comply with Federal Rule of Civil Procedure 8(a)(2).  This particular Rule requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  In the Court's estimation, the statement in Cribbs' complaint satisfies this standard.  As for Defendant's lament that Cribbs' complaint lacks sufficient factual specificity, the Court reminds Defendant that he may file a motion for more definite statement. *See* Fed. R. Civ. P. 12(e).  The Court, therefore, rejects this argument.

-8-

2.      Heck v. Humphrey

In *Heck v. Humphrey*, 512 U.S. 477 (1994), Heck brought a § 1983 damages action alleging that defendants had conducted an "unlawful, unreasonable, and arbitrary investigation," had destroyed exculpatory evidence, and caused illegally obtained evidence to be introduced at his criminal trial. *Id.* at 478-79. The Supreme Court concluded that Heck's claim was not cognizable. *Id.* at 486-90. Specifically, the Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions who unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

Citing to *Heck*, Defendant Case asserts that Plaintiff's claim must be dismissed because his conviction for assaulting Case has not been reversed on appeal, expunged by executive order, declared invalid, or otherwise called into question by the issuance of a writ of habeas corpus. According to Defendant Case, were Plaintiff to prevail on his excessive force claim such would call into question Plaintiff's assault conviction. The Court disagrees for two reasons.

Cribbs' complaint fails to identify the date on which he was allegedly shot by Defendant Case. Defendant's argument is premised on the assumption that the shooting which forms the basis for Plaintiff's excessive force claim occurred during the incident which resulted in Plaintiff's conviction for assaulting Defendant Case. While such *may* be a reasonable assumption, there is nothing in the record to confirm such. Likewise, Defendant Case has submitted no evidence confirming his assumption on this point. Thus, the Court cannot conclude that success on Plaintiff's excessive force claim calls into

question his conviction for assaulting Defendant Case.  Furthermore, even if the Court were to assume that the shooting which forms the basis for Plaintiff's excessive force claim occurred during the incident which resulted in Plaintiff's conviction for assaulting Defendant Case, the result is the same.

Based on the present record, the Court fails to discern how success on Plaintiff's excessive force claim necessary calls into question his conviction for assaulting Defendant Case.  Simply put, the fact that Plaintiff assaulted Defendant Case does not foreclose the possibility (given the present record) that Case initiated the encounter by employing excessive force or, in the alternative, that he responded to Cribbs' assault by employing excessive force.  *See, e.g., Hogan v. City of Easton*, 2006 WL 2645158 at *16 n. 19 (E.D. Pa., Sept. 12, 2006) (court rejected argument that plaintiff's excessive force claim against police officer was *Heck* barred noting that "when an officer faces a situation in which he could justifiably shoot, he does not retain the right to shoot at any time thereafter with impunity"); *VanGilder v. Baker*, 435 F.3d 689, 690-92 (7th Cir. 2006) (court rejected claim that plaintiff's excessive force claim against police officer was *Heck* barred on the ground that to hold otherwise "would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages").  In sum, based on the present record, the Court cannot conclude that success on Plaintiff's excessive force claim would call into question his conviction for assaulting Defendant Case.  Accordingly, this argument is rejected.

3.      Qualified Immunity

Finally, Defendant Case asserts that he is entitled to qualified immunity because he did not violate a clearly established constitutional right of which a reasonable person would have known.

The doctrine of qualified immunity recognizes that government officials must be able to

carry out their duties without fear of harassing litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). As is well recognized, they can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages, and if unjustified lawsuits are quickly terminated. *Id.* Generally, when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996). The question whether a defendant enjoys qualified immunity is a question of law for the Court to resolve. *See Virgili v. Gilbert*, 272 F.3d 391, 392 (6th Cir. 2001).

When evaluating claims of qualified immunity, the Court employs a two-step analysis. The Court first determines "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Pearson v. Callahan*, 129 S.Ct. 808, 815-16 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If such fail to establish a violation of the plaintiff's constitutional rights, the defendant is entitled to immunity. *See Callahan*, 129 S.Ct. at 816. On the other hand, if the facts establish a violation of the plaintiff's constitutional rights, the Court must then determine whether the right in question was "clearly established" at the time the defendant acted. The defendant is entitled to qualified immunity unless his "conduct violated a clearly established constitutional right." *Id.* The inquiry whether a particular right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Moldowan v. City of Warren*, 578 F.3d 351, 375 (6th Cir. 2009) (citing *Saucier*, 533 U.S. at 201). The contours of the right in question "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Fisher v. Harden*, 398 F.3d 837, 845 (6th Cir. 2005) (quoting *Saucier*, 533 U.S. at 202). The focus of

this inquiry is "on whether the officer had fair notice that her conduct was unlawful." *Lyons v. City of Xenia*, 417 F.3d 565, 579 (6th Cir. 2005).

Where neither the motion for qualified immunity nor the opposition thereto is supported by evidence, the first step of the qualified immunity analysis focuses on the allegations in the plaintiff's complaint and whether such state a claim for violation of the plaintiff's constitutional rights.  If, on the other hand, the motion for qualified immunity and/or the opposition thereto are supported by evidence, such must be considered pursuant to the summary judgment standard articulated above.  Thus, if the evidence submitted by the parties demonstrates the existence of a genuine factual dispute, the resolution of which is essential to determining whether the defendant violated the plaintiff's constitutional rights, qualified immunity is not warranted.  However, if the evidence establishes that the defendant did not violate the plaintiff's constitutional rights, qualified immunity is appropriate.  *See, e.g., Scott v. Harris*, 550 U.S. 372, 377-86 (2007) (officer entitled to qualified immunity where evidence was such that "no reasonable jury" could have concluded that officer violated the plaintiff's constitutional rights). Likewise, if the right in question was not "clearly established" at the time the defendant acted, the defendant is entitled to qualified immunity.

Generally, to find a clearly established constitutional right, the district court "must find binding precedent by the Supreme Court, its Court of Appeals or itself."  *Fisher*, 398 F.3d at 845 (quoting *Ohio Civil Serv. Employees Ass'n v. Seiter*, 858 F.2d 1171, 1177-78 (6th Cir. 1988)).  In extraordinary circumstances, however, the decisions of other courts may suffice if such decisions "both point unmistakably to the unconstitutionality of the conduct complained of and are so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting."  *Fisher*, 398 F.3d at 845-

46 (quoting *Seiter*, 858 F.2d at 1177).  A single idiosyncratic opinion from another circuit's court of appeals, however, is insufficient to put a defendant on notice of how the Sixth Circuit might decide the issue in question.  *See Davis v. Holley*, 835 F.2d 1175, 1182 (6th Cir. 1987).

   In determining whether a defendant is entitled to qualified immunity, the focus is on the objective legal reasonableness of his actions in light of clearly established law as it existed when he engaged in the challenged conduct.  *See Anderson*, 483 U.S. at 640; *Harlow*, 457 U.S. at 818; *Fisher,* 398 F.3d at 845.  Accordingly, the Court must determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Fisher*, 398 F.3d at 845 (quoting *Saucier*, 533 U.S. at 202).  Finally, while it "is often appropriate" to evaluate qualified immunity claims by analyzing the two analytical steps in sequence, such is no longer mandated.  *See Callahan*, 129 S.Ct. at 818.  As the *Callahan* Court stated, "[t]he judges of the district courts. . .should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.*

   As previously discussed, Plaintiff has stated a claim on which relief may be granted.  Moreover, a reasonable police officer would have understood that it was clearly established as of the events giving rise to this action that shooting an individual without cause or justification would constitute the use of excessive force in violation of the Constitution.  Accordingly, the undersigned recommends that Defendant Case is not entitled to qualified immunity.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that <u>Defendant City of Battle Creek Police Department's Motion to Dismiss</u>, (dkt. #13), be **granted**; and <u>Defendant Case's Motion to Dismiss</u>, (dkt. #16), be **granted in part and denied in part**.  Specifically, the undersigned recommends that Plaintiffs' claims all be dismissed save for Plaintiff Cribbs' excessive force claim against Defendant Case.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  May 15, 2012

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge