UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


COREY CRIBBS II, et al.,

    Plaintiffs,                                               Case No. 1:11-cv-713

v                                                                   HON. JANET T. NEFF

JOEL CASE, et al.,

    Defendants.
_____/


**OPINION AND ORDER**

Plaintiffs Corey Cribbs II and his mother, Kameaka Tate, initiated the present civil action in July 2011, alleging civil rights violations arising from the events surrounding Cribbs' arrest in 2008. On February 17, 2012, the two defendants remaining in this case, Defendant Joel Case and Defendant City of Battle Creek Police Department, filed motions to dismiss (Dkts 13, 16).[1] On April 30, 2012, Plaintiff Cribbs filed a Notice of Voluntary Dismissal (Dkt 27). On May 15, 2012, the Magistrate Judge filed a Report and Recommendation (R&R), recommending that this Court grant Defendant City of Battle Creek Police Department's Motion to Dismiss, and further recommending that this Court grant in part and deny in part Defendant Case's Motion to Dismiss (Dkt 30). Only Plaintiff Tate filed objections to the Report and Recommendation (Dkt 30).

---

[1] Plaintiffs' claims against Defendants Stephen Bush, Chief of Battle Creek Police Department Unknown Party #1, Calhoun County Prosecutor Unknown Party #2, and Steven E. Parks were previously dismissed with prejudice for Plaintiffs' failure to state a claim upon which relief could be granted (12/6/2011 Order, Dkt 10).

### I. Plaintiff Cribbs' Notice of Voluntary Dismissal

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court is required to perform de novo consideration of those portions of the Report and Recommendation to which objections have been made. However, the threshold issue presented by the current posture of this case is the effect of Plaintiff Cribbs' April 30, 2012 Notice of Voluntary Dismissal, which the Magistrate Judge did not address in the May 15, 2012 Report and Recommendation. The Notice of Voluntary Dismissal is in the form of Plaintiff Cribbs' handwritten letter to the Court, seeking a "voluntary dismissal without prejudice of the above-entitled caption case" (Dkt 27). Defendants did not file any response to the Notice.

Voluntary dismissals by a plaintiff are governed by Federal Rule of Civil Procedure 41(a)(1)(A), which provides in pertinent part that "the plaintiff may dismiss an action without a court order by filing (*i*) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." FED. R. CIV. P. 41(a)(1)(B). No court order is required, and the notice is effective as of the date filed. *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541 (6th Cir. 2001) ("[The plaintiff's] unilateral notice was the legally operative act of dismissal pursuant to Rule 41(a)(1)(*i*), making the district court's subsequent order to the same effect superfluous."); *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993) ("[A] Rule 41(a)(1) notice of dismissal is self-effectuating, leaving no basis upon which a District Court can prevent such a dismissal.").

In *Aamot*, 1 F.3d at 444, the Sixth Circuit Court of Appeals unequivocally rejected the position that a pending motion to dismiss bars voluntary dismissal. The Sixth Circuit opined that the "[Rule 41(a)] language unambiguously requires a defendant, in order to make plaintiff put his

money where his mouth is, to serve plaintiff with a summary judgment motion or an answer." *See also Rouse v Caruso*, No. 06-10961, 2007 WL 909600, at *3 (E.D. Mich. Mar. 23, 2007) (observing that "the courts that have considered the issue are virtually unanimous in holding that '[a] plaintiff's right of voluntary dismissal under Rule 41(a)(1) is not terminated by the filing of a Rule 12 motion to dismiss by the defendant'"); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2363 (3d ed. 2012) ("it [is] clear that a motion to dismiss under Rule 12 does not terminate the right of dismissal by notice").

The Sixth Circuit relied on the same reasoning again in 2000, in *Eddins v Summers*, 230 F.3d 1358 (6th Cir. 2000) (Table), where the appellate panel amended the district court's order of "dismissal with prejudice" to reflect that the dismissal under Rule 41(a)(1) was instead "without prejudice." *Id.* at *1 (opining that "the district court has no discretion to deny such a dismissal"). *See also Potts v. Klein*, No. 4:07CV697, 2007 WL 4248190, at *3 (N.D. Ohio Nov. 30, 2007) (applying *Aamot* and *Eddins* to dismiss the plaintiff's action without prejudice and the pending motions to dismiss as moot).

Therefore, although the Magistrate Judge did not address the Notice of Voluntary Dismissal, its effect was self-executing and rendered superfluous the merits-based analysis of Cribbs' claims against Defendants Joel Case and City of Battle Creek Police Department. Consequently, the Court rejects those portions of the Magistrate Judge's report analyzing the sufficiency of his claims against Defendants as well as the recommendations on the motions. Rather, pursuant to the Notice of Voluntary Dismissal, this Court will dismiss Plaintiff Cribbs' then pending claims without prejudice and dismiss as moot the motions to dismiss.

## II. Plaintiff Tate's Objections

As to Plaintiff Kameaka Tate, the Magistrate Judge determined (1) that the complaint contains no allegations of wrongful conduct by Defendants Joel Case and City of Battle Creek Police Department against Plaintiff Tate, and (2) that Plaintiff Tate lacks standing to pursue Cribbs' claims; therefore, the Magistrate Judge recommended that Plaintiff Tate's claims be dismissed for failure to state a claim on which relief may be granted (R&R, Dkt 29 at 5). In her objections, Plaintiff Tate does not challenge either of these determinations by the Magistrate Judge. Plaintiff Tate's purported "objections" to the Report and Recommendation consist of her argument that "she has standing to sue to vindicate her own personal injury," injury that she opines includes "[e]motional distress, nervousness, [and] fear for her son's life" as well as "loss of parental consortium" (Objs., Dkt 30 at 2-3).

The injuries Plaintiff Tate mentions were not alleged in the complaint (Dkt 1), nor did Plaintiff Tate raise these injuries or present her standing argument in her response to the motions to dismiss (Dkt 24). Accordingly, her argument is waived, and her objections are denied. It is well established that parties may not raise at the district court stage new arguments or issues that were not presented to the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998), and *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")). *See also Peoples v. Hoover*, 377 F. App'x 461, 463, 2010 WL 1923629, at *2 (6th Cir. May 13, 2010) (observing that the Sixth Circuit "regularly" enforces the preservation requirement against pro se litigants); *see, e.g., Tapp v. Hedespeth*, No. 89-6423, 1990 WL 118702, at *1 (6th Cir. Aug. 15, 1990) (Table) (affirming the district court's decision refusing to consider the pro se plaintiff's new claims, which were asserted for the first time

4

in the plaintiff's objections to the magistrate judge's report and recommendation). The Court approves and adopts the Report and Recommendation to grant the motions to dismiss as to Plaintiff Tate.

### III. Conclusion

The Court rejects the Report and Recommendation as to Plaintiff Cribbs because the effect of Plaintiff Cribbs' Notice of Voluntary Dismissal was to voluntarily dismiss without prejudice his then-pending claims against Defendants Joel Case and City of Battle Creek Police Department. The Court denies Plaintiff Tate's objections to the Report and Recommendation and approves and adopts the Report and Recommendation as the Opinion of the Court as to Plaintiff Tate. Defendants Joel Case and City of Battle Creek Police Department are entitled to dismissal with prejudice of Plaintiff Tate's claims against them. Because this Opinion and Order resolves the last pending claim in this case, the Court will also enter a Judgment. *See* FED. R. CIV. P. 58. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 30) are DENIED, and the Report and Recommendation (Dkt 29) is APPROVED IN PART and REJECTED IN PART, as noted.

**IT IS FURTHER ORDERED** that Defendant City of Battle Creek Police Department's Motion to Dismiss (Dkt 13) is GRANTED as to Plaintiff Tate and DISMISSED AS MOOT as to Plaintiff Cribbs.

**IT IS FURTHER ORDERED** that Defendant Case's Motion to Dismiss (Dkt 16) is GRANTED as to Plaintiff Tate and DISMISSED AS MOOT as to Plaintiff Cribbs.

Date: September 24, 2012

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge